SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CV–14–52

|  |  |
|---|---|
|  | **Opinion Delivered** June 18, 2014 |
| MISTY CHAPMAN AND BOBBY WYLES, JR.<br><div align="right">APPELLANTS</div> | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. JN-2012-28] |
| V. |  |
|  | HONORABLE WILEY A. BRANTON, JR., JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES<br><div align="right">APPELLEE</div> | AFFIRMED; MOTIONS TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

The Perry County Circuit Court terminated the parental rights of Misty Chapman to her children J.P., A.P., K.W., and H.W. The court also terminated the parental rights of Bobby Wyles, the father of K.W. and H.W.[1] Counsel for Chapman and Wyles have filed no-merit briefs pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(i) (2013), asserting that there are no issues of arguable merit to support an appeal and requesting to be relieved as counsel. Chapman was notified of her right to file pro se points for reversal pursuant to Ark. Sup. Ct. R. 6-9(i)(3), but she has not done so. Wyles was also notified of this right, but the

---

[1]The court also terminated the parental rights of Allen Powell, J.P. and A.P.'s putative father, but Mr. Powell is not a party to this appeal.

SLIP OPINION

notification was returned as "undeliverable." We grant counsels' motions to withdraw and affirm the order terminating Chapman's and Wyles's parental rights.

On 13 June 2012, K.W., A.P., and J.P. were taken from their mother's care after DHS determined that the health and safety of the children were at risk due to allegations of neglect. The affidavit supporting the petition for emergency custody also noted a previous true finding of failure to protect on Chapman for knowingly leaving her children with a sex offender and several unsubstantiated reports for environmental neglect, inadequate supervision, and medical neglect.

The court entered an order for emergency custody of these children on 18 June 2012, and adjudicated them dependent-neglected in an order entered 30 August 2012. The adjudication order included findings of child endangerment, environmental neglect, and aggravated circumstances. The court also noted that Chapman was pregnant and ordered DHS to assist her in procuring prenatal care. After a review hearing in September 2012, the court found that the parents had not complied with the case plan. Specifically, Chapman continued to test positive for controlled substances, was arrested in August 2012 for shoplifting, had not exercised visitation rights, and continued to have contact with Wyles, who was abusive toward her. For his part, Wyles was incarcerated due to a parole violation.

On 18 October 2012, DHS petitioned for emergency custody of two-day-old H.W. The supporting affidavit stated that "Chapman reported drinking a fifth of whiskey per day and using marijuana during pregnancy along with receiving limited prenatal care." The court granted emergency custody of H.W. to DHS and adjudicated H.W. dependent-neglected on

22 January 2013. The adjudication order also consolidated H.W.'s case with that of her siblings and authorized DHS to pursue termination of parental rights.

DHS filed a petition for termination of parental rights on 1 August 2013 and alleged four grounds: (1) the juveniles have been adjudicated by the court to be dependent–neglected and have continued to be out of the parents' custody for twelve months, and despite meaningful efforts by DHS to rehabilitate the parents and correct the conditions that caused removal, those conditions have not been remedied; (2) other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate returning the juveniles to the parents is contrary to the juveniles' health, safety, or welfare and that despite the offer of appropriate family services, the parents have manifested the incapacity or indifference to remedy the subsequent issues or factors; (3) the parents have been found by a court of competent jurisdiction, including the juvenile division of circuit court, to have subjected any juvenile to aggravated circumstances; (4) the parents have abandoned the juveniles. *See* Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*), (iv), (vii)(*a*), & (ix)(*a*)(*3*)(*A*) (Supp. 2011).

After a hearing on the petition, the court did not find that the children had been abandoned, but the court did find that DHS had proved the other three grounds alleged with regard to Chapman and Wyles. The court entered a detailed order terminating their parental rights on 18 October 2013, and both parents have now appealed.

In compliance with *Linker-Flores* and Rule 6-9(i), counsel for both parties have examined the record for adverse rulings and adequately discussed why there is no arguable

3

merit to an appeal of the decision to terminate Chapman's and Wyles's parental rights. After carefully examining the record and the no-merit briefs, we hold that counsel have complied with the requirements for a no-merit parental-rights-termination appeal and that the appeals are wholly without merit. We therefore affirm the termination of Chapman's and Wyles's parental rights by memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), and grant the motions to withdraw.

Affirmed; motions to withdraw granted.

WALMSLEY and WYNNE, JJ., agree.

*Shannon Holloway*, for appellant Misty Chapman.

*Elizabeth J. Finocchi*, Arkansas Public Defender Commission, for appellant Bobby Wyles, Jr.

No response.